UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-1320 JGB (SPx)** | Date | August 13, 2015 |
|---|---|---|---|

Title   *Farhad Hakakha v. CitiMortgage, Inc.*

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order (1) GRANTING IN PART and DENYING IN PART Defendant's Motion to Dismiss (Doc. No. 7); (2) VACATING the August 17, 2015 Hearing; and (3) DENYING AS MOOT Plaintiff's Request to Appear by Telephone at the Hearing (Doc. No. 15) (IN CHAMBERS)**

Before the Court is Defendant's Motion to Dismiss the Complaint. ("Motion," Doc. No. 7.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers timely filed in support of and in opposition to the Motion, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss and VACATES the August 17, 2015 hearing.

## I.   BACKGROUND

### A.   Procedural History

Plaintiff Farhad Hakakha ("Plaintiff") filed his Complaint against Defendant CitiMortgage, Inc. ("CitiMortgage") on May 21, 2015 in California Superior Court for the County of San Bernardino. ("Complaint," Doc. No. 1, Ex. A.) As discussed in more detail below, the Complaint alleges thirteen causes of action related to a mortgage loan obtained by Plaintiff for his primary residence at 16610 Malahat Road, Apple Valley, CA 92307 ("Malahat Road Property"). (Compl. ¶¶ 13-14.)

CitiMortgage removed the case to federal court on July 2, 2015. (Doc. No. 1.) It filed a Motion to Dismiss the Complaint, ("Motion," Doc. No. 7), and requested judicial notice of eight

exhibits seven days later, ("RJN," Doc. No. 8).[1] Plaintiff opposed the Motion on July 20, 2015. ("Opp'n," Doc. No. 10.) CitiMortgage filed a reply brief on July 27, 2015. ("Reply," Doc. No. 12.)[2]

### B. Allegations in the Complaint

In approximately 2007, Plaintiff obtained a mortgage loan to purchase the Malahat Road Property. (Compl. ¶ 13.) The loan was originally serviced by Coast to Coast Funding Group, Inc. but was eventually transferred to Defendant CitiMortgage in approximately November 2008. (Id. ¶ 14.)

In 2009, while continuing to make regular mortgage payments, Plaintiff inquired with CitiMortgage about the possibility of a reduced interest rate. (Id. ¶ 15.) CitiMortgage advised Plaintiff that his interest rate could be reduced through a loan modification if he became at least three months behind on his loan payments. (Id. ¶ 16.) Plaintiff then ceased to make loan payments in order to fall behind on his payments and obtain a modification. (Id. ¶ 18.) Plaintiff provided all documentation requested by CitiMortgage and received an offer from CitiMortgage with a lower monthly payment at some point in 2009. (Id. ¶ 20.) Plaintiff made trial payments for at least three months. (Id. ¶ 21.) He was then told to continue making trial payments while the final documents were prepared, which he did for approximately four more months. (Id.)

In 2010, CitiMortgage informed Plaintiff that his trial payments were not being put toward the mortgage loan but into an escrow account. (Id. ¶ 22.) In a phone call, CitiMortgage assured Plaintiff that no foreclosure would occur during the ongoing modification process. (Id. ¶ 23.) Plaintiff ceased making the trial payments and instead awaited final approval and documentation of the loan modification. (Id.)

As of April 2012, Plaintiff had still not received the final modification documents and inquired as to the status of the modification. (Id. ¶ 24.) In response to his inquiry, Plaintiff was informed—for the first time—that CitiMortgage had foreclosed on and sold the Malahat Road Property. (Id. ¶¶ 24-25.) Plaintiff had received no previous warning of the foreclosure and sale. (Id. ¶ 25.)

Based in the foregoing factual allegations, Plaintiff asserts the following thirteen causes of action: (1) violation of the "security first rule," Cal. Code Civ. Proc. § 726; (2) breach of oral contract; (3) breach of written modification agreement; (4) breach of written contract; (5) wrongful foreclosure in violation of various statutory requirements, including Cal. Civ. Code §§ 2923.5, 2923.6, and 2924g; (6) promissory estoppel; (7) violation of California Civil Code §§ 2924j and 2924k; (8) negligence; (9) negligent misrepresentation; (10) fraud; (11) violation of

---

[1] The Court DENIES AS MOOT CitiMortgage's request to judicially notice the eight exhibits because the Court does not rely on them in reaching its conclusions.

[2] On August 11, 2015, Plaintiff filed a Request to Appear by Telephone at the August 17, 2015 hearing. (Doc. No. 15.) Because the Court vacates the hearing, Plaintiff's request to appear telephonically is DENIED AS MOOT.

the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, et seq.; (12) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; and (13) declaratory relief.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Surviving a motion to dismiss requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

## III. DISCUSSION

CitiMortgage asserts that each of Plaintiff's thirteen causes of action fails to state a claim upon which relief can be granted. Plaintiff opposes CitiMortgage's arguments as to his first, third, fifth, sixth, eleventh, and twelfth claims. The Court addresses each claim in turn.

### A. Claim One: "Security First Rule"

Plaintiff's first claim alleges CitiMortgage's violation of the "Security First Rule" of California Civil Code § 726 ("Section 726"). (Compl. ¶¶ 26-31.) Plaintiff essentially claims that Defendant violated Section 726 by both foreclosing on the Malahat Road Property and accepting Plaintiff's trial modification payments. (Compl. ¶¶ 28-29; Opp'n at 5.) Plaintiff argues that those payments were, in effect, an attempt to collect part of the debt secured by the Malahat Road Property. (Compl. ¶ 29; Opp'n at 5.) CitiMortgage moves to dismiss Plaintiff's first cause of action, arguing that Section 726 is an election-of-remedies statute that only applies to prevent a creditor from suing the obligor of a secured debt without foreclosing. (Opp'n at 4-5.)

Section 726(a) provides that "[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property." Cal. Code Civ. Proc. § 726(a). As explained by the California Supreme Court, "[t]hat action is foreclosure, which may be either judicial or nonjudicial." Alliance Mortg. Co. v. Rothwell, 10 Cal. 4th 1226, 1236 (Cal. 1995). Following a judicial foreclosure, a creditor may seek a deficiency judgment to recover the difference between the debt and the fair market value of the property. Id. Following a nonjudicial foreclosure, or trustee's sale, a "creditor may not seek a deficiency judgment." Id.

Plaintiff does not assert that CitiMortgage sought a deficiency judgment following the trustee's sale, however. Instead, Plaintiff contends that CitiMortgage's acceptance of his trial modification payments before foreclosure were attempts to collect the debt after CitiMortgage had already decided to foreclose on the property. (Opp'n at 5.) Plaintiff fails to provide any legal support for this "set-off" theory, as he calls it, which he bases on CitiMortgage's acceptance of his trial modification payments prior to the foreclosure. Plaintiff cites only to Shin v. Superior Court, 26 Cal. App. 4th 542, 545 (Cal. Ct. App. 1994), for the proposition that, when a creditor seeks to recover a debt secured by a mortgage or deed of trust, "[t]he only 'action' that is permitted is foreclosure." A complete reading of that case, however, refutes Plaintiff's own argument, explaining that what "constitutes an 'action' within the proscription of section 726, subdivision (a) is governed by the definition of 'action within the meaning of [California Code of Civil Procedure] section 22.'" Id. at 545-56 (quoting Security Pac. Nat'l Bank v. Wozab, 51 Cal. 3d 991, 998 (Cal. 1990)). Section 22 clarifies that "[a]n action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Cal. Code Civ. Proc. § 22. Because Plaintiff does not assert that CitiMortgage brought any "action" to enforce its debt other than the nonjudicial foreclosure proceedings, his claim fails as a matter of law.

Accordingly, the Court GRANTS CitiMortgage's Motion with respect to Plaintiff's first cause of action for violation of California Code of Civil Procedure § 726.

### B. Claims Three and Six: Breach of Written Modification Agreement and Promissory Estoppel

Plaintiff's third cause of action asserts that CitiMortgage breached a written modification agreement between the parties by foreclosing on and selling the Malahat Road Property. (Compl. ¶¶ 36-41.) The Complaint's sixth claim also alleges that CitiMortgage improperly foreclosed on the property despite Plaintiff's reliance on CitiMortgage's written and oral representations that it would not do so if Plaintiff complied with the terms of the modification agreement. (Compl. ¶¶ 55-58.) CitiMortgage moves to dismiss both claims based on two arguments. First, CitiMortgage contends that the claims are barred by the statute of limitations. Second, CitiMortgage argues that the Complaint fails to sufficiently assert that CitiMortgage breached a contract or promise.

CitiMortgage first asserts that both Plaintiff's breach of contract and promissory estoppel arguments are barred by the applicable four-year statute of limitations in California Code of Civil Procedure § 337(1). (Mot. at 6-7.) The Complaint was filed in May 2015. (Doc. No. 1.) CitiMortgage contends that the alleged trial modification agreement was purportedly breached when Plaintiff did not receive a permanent modification following his trial payments. (Reply at 4.) CitiMortgage thus calculates the applicable statute of limitations as running from the date when Plaintiff alleges to have made his final trial period payment, which was, at the latest, in 2010. (Mot. at 6-7.)

Plaintiff concedes that a four-year statute of limitations is applicable to both his third and sixth causes of action. (Opp'n at 6.) He contends, however, that CitiMortgage improperly calculates the limitations period from the date of Plaintiff's last trial period payment; Plaintiff asserts that the limitations period did not begin to run until CitiMortgage breached the written modification agreement in April 2012 by conducting a trustee's sale of the Malahat Road Property. (Id.)[3]

The parties' differing views as to the date of breach appears to stem from a disagreement regarding the exact contents of the written contract alleged by Plaintiff. If, as CitiMortgage apparently contends, the agreement promised only to grant Plaintiff a permanent modification if Plaintiff made his trial period payments, the breach would seem to have occurred when CitiMortgage failed to permanently modify Plaintiff's mortgage following receipt of his trial payments. In that case, the claim would likely be time-barred. On the other hand, if the agreement constituted CitiMortgage's promise not to foreclose on the property if Plaintiff made certain reduced monthly payments, Plaintiff may be correct that the relevant breach occurred

---

[3] Plaintiff's Opposition does not expressly argue the applicability of the delayed discovery rule. The Court, however, notes that relying on that rule requires a Plaintiff to "specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (Cal. 2005) (quoting McKelvey v. Boeing N. Am., Inc., 74 Cal. App. 4th 151, 160 (Cal. Ct. App. 1999)). A plaintiff thus bears the burden of "show[ing] diligence" in order to withstand a motion to dismiss. Id. "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." Id. at 807.

when CitiMortgage foreclosed on the Malahat Road Property. As the trustee's sale is alleged to have occurred in April 2012, the claim would apparently be timely.

The Court is unable to discern from the Complaint whether Plaintiff alleges the first or second type of written agreement and thus cannot determine whether the claim is time-barred. The Complaint conflictingly implies both types of agreements. (Compare Compl. ¶¶ 20-24 with Compl. ¶¶ 38-40.) Accordingly, it is unclear whether the limitations period should be calculated from when CitiMortgage failed to convert the trial plan into a permanent modification or the date of the trustee's sale in April 2012. Because of this ambiguity, the Court concludes that the Complaint lacks adequate clarity and specificity to survive a motion pursuant to Rule 12(b)(6). Cf. Starr, 652 F.3d at 1216. Therefore, the Court GRANTS CitiMortgage's Motion to Dismiss as to Plaintiff's third cause of action. If Plaintiff amends this claim, he is encouraged to do so with enough specificity so that the Court may comprehend the relevant contents of the alleged modification agreement.[4]

Plaintiff's sixth cause of action for promissory estoppel, however, includes factual allegations beyond those relevant to Plaintiff's breach of written contract claim. Plaintiff specifically bases his promissory estoppel claim not only on the written modification agreement but also on "numerous oral promises that if Plaintiff complied with the terms of the Modification Agreement and cooperated with modification efforts, there would be no foreclosure." (Compl. ¶ 56.) The Complaint thus supplements the allegations described above by asserting that CitiMortgage made an additional, oral promise not to foreclose if Plaintiff complied with the terms of the agreement and cooperated with modification efforts. (Id.) That promise would not have been breached until CitiMortgage foreclosed on Plaintiff's property, and a claim based on that promise would not be time-barred.

The same ambiguity discussed above (with regard to Plaintiff's breach of contract claim) also interferes with some of the allegations in his promissory estoppel claim. Specifically, the contents of any written promises in the modification agreement remain unclear; they are not pleaded with sufficient clarity and specificity. For example, paragraph fifty-six of the Complaint asserts that CitiMortgage promised in writing "that if the agreement proceeded, any scheduled foreclosure would be postponed" (Compl. ¶ 56); the contents of that promise are thus confusing and unclear. Because the promise cannot be ascertained, it is unclear if Plaintiff has adequately asserted a breach of that promise. Accordingly, the written promise cannot form the basis of a claim for promissory estoppel.

In sum, the Court GRANTS CitiMortgage's Motion with regard to those portions of Plaintiff's promissory estoppel claim that are based on written promises. However, the Motion is DENIED with respect to those portions of Plaintiff's promissory estoppel claim that are based on CitiMortgage's alleged oral promises that it would not foreclose.

---

[4] Although a "plaintiff's failure either to attach or to set out verbatim the terms of the contract [i]s not fatal to [a] breach of contract cause of action" as a matter of law, Miles v. Deutsche Bank Nat'l Trust Co., 236 Cal. App. 4th 394, 402 (Cal. Ct. App. 2015), doing so ensures that the contract's terms are set forth with sufficient specificity.

### C. Claim Five: Wrongful Foreclosure

Plaintiff next alleges that CitiMortgage wrongfully foreclosed on his property in violation of several statutory requirements. (Compl. ¶¶ 48-54.) The Complaint asserts that the foreclosure was pursued in violation of California Civil Code Sections 2924g, 2923.5, and 726, as well as in violation of CitiMortgage's Servicer Participation Agreement ("SPA") with Fannie Mae. (Id.) CitiMortgage argues that Plaintiff's claim fails as a matter of law because Plaintiff failed to make a valid tender and the trustee's sale was presumptively valid. (Mot. at 9-10.)

#### 1. Tender Requirement

CitiMortgage first argues that Plaintiff's claim for wrongful foreclosure must fail because Plaintiff does not allege tender. (Mot. at 9.) However, California courts have held that tender is not required in several circumstances. For example, tender is not required if a borrower alleges that a nonjudicial foreclosure sale is void, as opposed to voidable, because he need not rely on equitable principles to set aside such a sale. See Ram v. OneWest Bank, FSB, 234 Cal. App. 4th 1, 11-12 (Cal. Ct. App. 2015). Although a "sale is not rendered void merely because of minor or technical defects," a sale is void "when the defects are substantial, such as when there has been a failure to give notice of sale to the [borrower] or to specify the correct default in the notice of default. Id. at 11 (emphasis added). Plaintiff here claims that he did not receive notice before the trustee's sale, and thus he essentially alleges that the sale is void. Tender is not required to raise that claim.

California courts have also held that tender is not required "where it would be inequitable to impose such a condition on the party challenging the sale." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 113 (Cal. Ct. App. 2011). That equitable exception has been applied to cases in which a borrower asserts that the loan servicer flouted certain statutory or regulatory procedural requirements intended to protect the borrower—such as HUD regulations and the requirements of California Civil Code § 2923.5—by conducting the trustee's sale without first following those procedural requirements. See Fonteno v. Wells Fargo Bank, N.A., 228 Cal. App. 4th 1358, 1373 (Cal. Ct. App. 2014); Pfeifer v. Countrywide Home Loans, Inc., 211 Cal. App. 4th 1250, 1280 (Cal. Ct. App. 2012); Mabry v. Superior Court, 185 Cal. App. 4th 208, 225-26 (Cal. Ct. App. 2010). "It would be inequitable to require tender" in such circumstances "because it would defeat the salient purpose of the [procedural requirements], to prevent foreclosures." Fonteno, 228 Cal. App. 4th at 1373. Furthermore, "[t]o require plaintiffs now to make such a tender in order to obtain cancellation of a sale allegedly conducted in disregard of [such] condition precedent[s] and without any legal authority is inequitable." Id. at 1374.

Plaintiff raises various arguments objecting to CitiMortgage's alleged failure to follow proper procedures before the trustee's sale. Plaintiff argues that CitiMortgage failed to comply with the requirements of California Civil Code § 2923.5. (Compl. ¶ 51.) "The whole point of [Civil Code] section[s] 2923.5 [and 2923.6] is to create a new, even if limited, right to be contacted about the possibility of alternatives to full payment of arrearages. It would be contradictory to thwart the very operation of the statute if enforcement were predicated on full tender." Fonteno, 228 Cal. App. 4th at 1373-74 (first alteration in original) (quoting Mabry, 185 Cal. App. 4th at 225). Accordingly, asserting those claims does not require Plaintiff to allege full tender.

Plaintiff also raises arguments based on California Civil Code § 2924g and CitiMortgage's breach of its SPA with Fannie Mae. (Compl. ¶¶ 49-50.) Plaintiff does not argue, and the Court is not aware of, any exception to the tender requirement that applies to those asserted causes of action.[5] Accordingly, those claims are properly dismissed. Plaintiff also argues that the foreclosure was wrongful based on CitiMortgage's alleged violation of the Security First Rule. (Compl. ¶ 52.) As discussed above with respect to claim one, however, Plaintiff does not sufficiently allege CitiMortgage's violation of the "Security First Rule" of California Civil Code § 726.

Therefore, based on Plaintiff's failure to allege tender, the Court GRANTS CitiMortgage's Motion only with respect to Plaintiff's wrongful foreclosure cause of action to the extent that it is based on California Civil Code § 2924g, CitiMortgage's alleged breach of its SPA with Fannie Mae, and CitiMortgage's alleged violation of the Security First Rule of California Civil Code § 726.

### 2. Validity of Trustee's Sale

CitiMortgage also essentially argues that, because Plaintiff has not proved his wrongful foreclosure claim at the pleading stage, it must fail. Such an argument is clearly incorrect. CitiMortgage attempts to rely on a "rebuttable presumption" that a sale has been conducted properly as long as the trustee's deed recites that the statutory notice requirements and procedures have been satisfied. (Mot. at 10 (citing Millenium Rock Mortg., Inc. v. T.D. Serv. Co., 179 Cal. App. 4th 804, 809 (Cal. Ct. App. 2009)).) However, a rebuttable presumption is just that—rebuttable. The Complaint asserts that Plaintiff received no notice of the foreclosure of the Malahat Road Property until after the trustee's sale had already occurred. (Compl. ¶¶ 24-25.) He also alleges CitiMortgage's failure to comply with California Civil Code § 2923.5 by failing to contact Plaintiff to discuss foreclosure alternatives and assert in the notice of default that it attempted to contact Plaintiff "with due diligence." (Compl. ¶ 51.) Plaintiff further asserts that CitiMortgage improperly failed to inform him of the foreclosure until after the Malahat Road Property had already been sold. Such defects have the potential to invalidate the trustee's sale, and Plaintiff's claims that such defects existed do not fail as a matter of law.

### D. Claim Eleven: Violation of the Rosenthal Act

In his eleventh cause of action, Plaintiff asserts that CitiMortgage has violated the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") by making false representations in connection with collection of the debt secured by the deed of trust. (Compl. ¶ 82.) CitiMortgage counters that this claim fails as a matter of law because a nonjudicial foreclosure sale does not constitute a debt within the meaning of the Rosenthal Act. (Opp'n at 15-16.)

Plaintiff's allegations pursuant to the Rosenthal Act are vague and conclusory; Plaintiff does not sufficiently explain the facts on which he bases his claim. Moreover, "many courts have found that foreclosure-related actions in connection with a residential mortgage do not give

---

[5] The Court does not now decide whether they could be valid causes of action if tender were alleged.

rise to a claim under the RFDCPA." Gilmore v. American Mortg. Network, No. CV 12–7935–CAS (Ex), 2012 WL 6193843, at *6 (C.D. Cal. Dec. 10, 2012).

Accordingly, the Court GRANTS Defendant's Motion with respect to Plaintiff's eleventh cause of action.

### E. Claim Twelve: Violation of the UCL

The twelfth cause of action asserts that CitiMortgage's behavior in offering Plaintiff a loan modification and then foreclosing on his property constituted a violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. (Compl. ¶¶ 84-92.) CitiMortgage responds that Plaintiff has failed to plead his claim for a violation of the UCL with the requisite particularity. (Mot. at 16-17.)

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Violations of other laws satisfy the "unlawful" prong and thus may be treated as unfair competition pursuant to the UCL. See Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (Cal. 2002). As discussed above, the Complaint appears to successfully state a claim for CitiMortgage's violation of California Civil Code § 2923.5 by failing to both properly notify Plaintiff of the impending foreclosure of the Malahat Road Property and discuss foreclosure alternatives with Plaintiff. Accordingly, Plaintiff successfully states a UCL claim to the extent that it is based on CitiMortgage's violation of California Civil Code § 2923.5.

As for Plaintiff's other arguments, however, the Court concludes that the Complaint does not include the required degree of particularity. The Ninth Circuit has held that Federal Rule of Civil Procedure 9(b)'s "heightened pleading standards apply to claims for violations of the . . . UCL." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). The Complaint fails to satisfy Rule 9(b) as currently drafted. Although Plaintiff lists a variety of alleged fraudulent practices, (Compl. ¶ 87), he does not sufficiently explain them. If he bases his UCL claim on the violation of other statutory provisions, those claims are not adequately explained in the Complaint or Plaintiff's Opposition. Accordingly, the Court GRANTS CitiMortgage's Motion as to Plaintiff's twelfth cause of action except to the extent that the UCL claim is grounded in CitiMortgage's alleged violation of California Civil Code § 2923.5.

### F. Unopposed Dismissal of Claims Two, Four, Seven, Eight, Nine, Ten, and Thirteen

CitiMortgage also moves to dismiss Plaintiff's second, fourth, seventh, eighth, ninth, tenth, and thirteenth claims for relief. In his Opposition, Plaintiff fails to at all address those claims and/or CitiMortgage's arguments for their dismissal. The Court construes Plaintiff's failure to address those arguments as Plaintiff's concession that they are valid reasons to dismiss those claims. See Meyers v. Schriro, No. CV08–0078–PHX–GMS, 2010 WL 2471914, at *6 (D. Ariz. June 15, 2010) (construing opposition's failure to address one defendant as consent to dismissal of that defendant); In re Metawave Commc'ns Corp. Sec. Litig., 298 F. Supp. 2d 1056, 1090 (W.D. Wash. 2003) (interpreting failure to address issue in opposition as Plaintiff's concession that motion to dismiss be granted as to that issue); FTC v. Silueta Distribs., Inc., No. C 93-4141 SBA, 1995 WL 215313, at *12 n.5 (N.D. Cal. Feb. 24, 1995) (viewing failure to oppose portion of motion as concession that motion should be granted).

Accordingly, the Court concludes that Plaintiff has consented to the dismissal of those seven claims and GRANTS CitiMortgage's Motion to Dismiss the second, fourth, seventh, eighth, ninth, tenth, and thirteenth causes of action in Plaintiff's Complaint.

## IV.  CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss.  The Court DISMISSES Plaintiff's first, second, third, fourth, seventh, eighth, ninth, tenth, eleventh, and thirteenth claims in their entirety.

Plaintiff's fifth claim for wrongful foreclosure is DISMISSED except to the extent that it is based on CitiMortgage's violation of California Civil Code § 2923.5 and its failure to notify Plaintiff of the foreclosure of the Malahat Road Property until after the trustee's sale had occurred.  Plaintiff's sixth claim for promissory estoppel is DISMISSED except to the extent that it is based on CitiMortgage's oral promises that it would not foreclose on the Malahat Road Property.  Plaintiff's twelfth claim for a violation of the UCL is DISMISSED except to the extent that the claim is based on CitiMortgage's alleged violation of California Civil Code § 2923.5.

The Court GRANTS Plaintiff LEAVE TO AMEND.  Plaintiff shall file an amended complaint, if any, by **September 10, 2015**.  The Court VACATES the August 17, 2015 hearing and DENIES AS MOOT Plaintiff's Request to Appear by Telephone.

**IT IS SO ORDERED.**